Filed 6/30/26  Ristau v. Likely Land & Livestock CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

|  |  |
|---|---|
| HEATH M. RISTAU, as Special Administrator, etc., et al., | C102399 |
| Plaintiffs, Cross-defendants and Appellants, | (Super. Ct. No. SCV0042799) |
| v. |  |
| LIKELY LAND & LIVESTOCK, CO., INC., Defendant, Cross-complainant and Respondent. |  |

Plaintiffs Heath M. Ristau, as Special Administrator of the Estate of Shirley A. Wright, and Heath Ristau, as Successor Trustee of the Wright 1990 Trust, dated November 14, 1990, sued defendant Likely Land & Livestock Co., Inc. (Company) and defendants John Flournoy, David Flournoy, William Flournoy, Myles Flournoy, Jennifer Flournoy, and Frieda Fisher-Dubois (individual defendants) (the Company and individual defendants are collectively referred to as defendants) for claims arising out of a property transfer from Shirley Wright to the Company prior to Shirley's death.[1]

---

[1]  We refer to Shirley Wright and George Wright by their first names due to the commonality of their last name.  No disrespect is intended.  We further refer to John Flournoy by his first name for the same reason.  We list plaintiffs as they are identified in the judgment.

1

After a bifurcated trial, the jury returned verdicts in favor of defendants on all causes of action, except a verdict in favor of plaintiffs against the Company for negligent misrepresentation on a direct liability theory. The trial court treated this finding as advisory on the Company's equitable cross-complaint claim for specific performance of the property transfer and ultimately granted judgment in favor of defendants. Plaintiffs appealed and we reversed and remanded for the trial court to enter judgment in favor of plaintiffs on the negligent misrepresentation cause of action and reconsider the cross-complaint's equitable claim.

On remand, the trial court granted the Company's[2] motion for a judgment notwithstanding the verdict because the jury found no agent of the Company liable for negligent misrepresentation; plaintiffs again appeal.

We affirm. Though the trial court improperly relied on one set of verdicts to find another verdict invalid, we conclude there was no substantial evidence of direct corporate liability for the negligent misrepresentation cause of action.

FACTUAL AND PROCEDURAL BACKGROUND

We summarized the facts of this case in our prior opinion from the original appeal: "In 1987, George and Shirley Wright entered into [an] [o]ption [a]greement with the Company; John signed on behalf of the Company. The [o]ption [a]greement provided the Company would have the first option to purchase the Wrights' property for $72,179.96 (regardless of market value) if the Wrights ever decided to sell it, or upon the Wrights' deaths. [¶] In 2017, after George had passed away, Shirley and the Company signed [an] [e]xercise [a]greement, … and Shirley accordingly transferred the Wrights' property to the Company.…

---

[2]     The individual defendants were not parties to this motion so they are not parties to this appeal.

"Plaintiffs filed suit against defendants, asserting defendants each took advantage of Shirley because she was suffering from progressive dementia and was in poor physical health. Plaintiffs alleged two financial elder abuse causes of action and causes of action for conversion, breach of fiduciary duty, intentional misrepresentation, and negligent misrepresentation." (*Ristau v. Likely Land & Livestock Co.* (Apr. 21, 2023, C095204) [nonpub. opn.] (*Ristau*), fns. omitted.) The Company filed a cross-complaint against plaintiffs seeking specific performance of the 1987 option agreement and the 2017 exercise agreement. (*Ibid*.) "The trial court bifurcated the legal and equitable issues, holding the jury trial on plaintiffs' complaint first." (*Ibid*.)

The jury instructions[3] given stated: "You should decide the case against each defendant separately, as if it were a separate lawsuit. [¶] … [¶] … Each instruction will identify the defendant to whom it applies." There was also an instruction explaining vicarious liability but the instructions stated this applied only to the claims for "financial elder abuse, fraud, conversion, and breach of fiduciary duty," omitting vicarious liability as a basis for finding the Company liable for negligent misrepresentation.

The negligent misrepresentation claim instruction identified each defendant, stating plaintiffs claimed they "were harmed because [the] Company, … a California corporation, John Flournoy, David Flournoy, William Flournoy, Myles Flournoy, Jennifer Flournoy, and/or Frieda Fisher-Dubois negligently misrepresented a fact." Each defendant was then named for each element of the claim.

"The jury returned [general] verdicts in favor of all defendants on the causes of action for financial elder abuse, conversion, breach of fiduciary duty, and intentional

---

[3] Plaintiffs included in the appellate record the reporter's transcript of the trial but not the clerk's transcript, including the given written jury instructions. On our own motion we take judicial notice of the record from plaintiffs' prior appeal that includes the written jury instructions. (Evid. Code, § 452, subd. (d).)

misrepresentation.  As to the negligent misrepresentation cause of action, the jury found in favor of plaintiffs against the Company but otherwise found in favor of the individual defendants.  The jury awarded plaintiffs $300,000 for past economic loss." (*Ristau*, *supra*, C095204.)

For the equitable claim, the trial court struggled with the impact of the jury's finding of negligent misrepresentation against the Company but ultimately determined the jury's finding was advisory.  Thus, the court found in favor of the Company on the cross-complaint for specific performance and ordered plaintiffs to dismiss the complaint and withdraw their claims.  (*Ristau*, *supra*, C095204.)

Plaintiffs appealed and we reversed.  (*Ristau*, *supra*, C095204.)  We ordered: "The judgment is reversed with a directive for the trial court to issue a judgment in favor of plaintiffs and against the Company, as provided in the jury's negligent misrepresentation verdict.  Upon entry of the judgment in that regard, the Company may pursue any relief it otherwise has to challenge the judgment.  The matter is further remanded for the trial court to reconsider its ruling on the cross-complaint consistent with this opinion." (*Ristau*, *supra*, C095204.)

On March 19, 2024, after remand, the trial court entered judgment consistent with the jury findings.  In April 2024, the Company filed a motion for a judgment notwithstanding the verdict.  The motion argued, "[T]here is no substantial evidence to support the [j]ury's verdict in the [p]laintiffs['] favor on the [n]egligent [m]isrepresentation cause of action against [the Company]."

After argument, the trial court granted the motion for a judgment notwithstanding the verdict.  The court acknowledged it must find no substantial evidence supported the verdict to grant the motion.  It then noted the jury found against the Company on the negligent misrepresentation cause of action, "[h]owever, the jury's verdict also found in favor of every individual defendant as to each count alleged in the complaint.  Thus, the jury found the principal corporation—[the Company]—liable despite finding its agents

4

not liable for the same tort." Relying on vicarious liability law, the court concluded, "[T]he verdict cannot legally support the negligent misrepresentation claim against [the Company] because none of its agents, employees, officers, or directors were found liable for the same tort." The court then found there is a legally enforceable exercise agreement and again granted the cross-complaint for specific performance.

Plaintiffs appeal.

DISCUSSION

Plaintiffs assert the trial court incorrectly applied the substantial evidence standard when granting the Company's judgment notwithstanding the verdict. Plaintiffs argue the trial court "ignored the [s]ubstantial [e]vidence test entirely" because the ruling had no "discussion of any evidence at all." The Company counters that the court impliedly made a legal finding there was no substantial evidence because "no agent, employee, etc., was found by the [j]ury to have done anything improper." We conclude the trial court erred by applying an incorrect legal standard but affirm because plaintiffs have not demonstrated substantial evidence supported the negligent misrepresentation verdict.

" ' "A motion for judgment notwithstanding the verdict may be granted only if it appears from the evidence, viewed in the light most favorable to the party securing the verdict, that there is no substantial evidence in support. [Citation.] [¶] … As in the trial court, the standard of review [on appeal] is whether any substantial evidence—contradicted or uncontradicted—supports the jury's conclusion." ' " (*Guzman v. NBA Automotive, Inc.* (2021) 68 Cal.App.5th 1109, 1115.)

The trial court granted the judgment notwithstanding the verdict against the Company based on the jury verdicts in favor of the individual defendants. This was legal error because "a judgment *notwithstanding* the verdict … cannot be dependent on another of the jury's verdicts in the case." (*Stillwell v. The Salvation Army* (2008) 167 Cal.App.4th 360, 375; see *Missakian v. Amusement Industry, Inc.* (2021) 69 Cal.App.5th 630, 654.) The jury was tasked with deciding the legal claims based on

5

the evidence. The trial court deciding a verdict was invalid without examining whether the verdict lacked substantial evidence improperly undermined the jury's authority. (*Stillwell*, at p. 375 ["the court determined that the effectiveness of the 1998 [a]greement was a jury question. It necessarily follows that the trial court erred in granting [the judgment notwithstanding the verdict] on this same ground"].)

We may and do analyze the factual record on our own to determine whether the verdict against the Company was supported by substantial evidence. (*Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 770.) We conclude it was not.

For negligent misrepresentation the jury here was instructed on direct liability against the Company. The jury was not instructed vicarious liability applied to the negligent misrepresentation cause of action, the negligent misrepresentation jury instruction listed the Company as being able to directly commit the tortious conduct itself, and there was an instruction to consider each defendant individually. But plaintiffs have not established there is substantial evidence for this verdict.[4]

For direct liability of a corporate principal, "a plaintiff must be able to demonstrate authorization by the corporation, usually in the form of direct instructions or a written job description." (*Presbyterian Camp & Conference Centers, Inc. v. Superior Court* (2021) 12 Cal.5th 493, 515.) This need for a corporate policy leading to tortious conduct is seen in a California Supreme Court case relied on by plaintiffs where a train caused injuries and the train company was found liable but the individual "motorneer" was not. (*Benson v. Southern Pacific Co.* (1918) 177 Cal. 777, 778-779.) Our Supreme Court affirmed the verdict, finding liability against the employer done "without express

---

**4** We assume, without deciding, a corporate principal can be directly liable for negligent misrepresentation because plaintiffs are not asserting instructional error and frame their substantial evidence argument around the theory provided by the instructions, i.e., direct corporate liability.

direction of the employer" must rely on vicarious liability. (*Id*. at pp. 779, 781.) "If, however, the negligent speed was maintained by the express direction of the employer, the latter would on that account be negligent, and its negligence would concur with that of the employee who obeyed the instruction by operating at such negligent speed, and the right to recover against them would be joint." (*Ibid*.) Thus, direct liability would be possible " 'if the speed was permitted by the company's rules' " or "the train was being operated on schedule time and at a rate of speed predetermined by the defendant corporation." (*Id*. at pp. 779, 780.)

We find no evidence in the record the Company had a policy resulting in negligent misrepresentation, and plaintiffs point to none. Plaintiffs instead exclusively rely on a postconduct ratification theory to establish direct liability against the Company. They argue the individual defendants "ratified and approved on behalf of the [Company] to engage and proceed with the brand new [exercise agreement] to transfer and take [Shirley's] home and property." Later plaintiffs explain the Company approved the transfer of Shirley's "property through a fraudulent [e]xercise [a]greement through its agents, the Flournoy [d]efendants." This is insufficient. Plaintiffs are effectively arguing there is evidence of direct liability because of the individual defendants' vicarious liability—the individual defendants ratified their own tortious behavior on behalf of the Company. But this theory was precluded by the instructions, which did not permit vicarious liability as a theory to hold the Company liable for negligent misrepresentation.

Plaintiffs are not challenging the jury finding in favor of the individual defendants for negligent misrepresentation, so we must assume those verdicts are valid.[5] (*G & W Warren's, Inc. v. Dabney* (2017) 11 Cal.App.5th 565, 570, fn. 2 [finding the appellant

---

[5] The parties do not present any argument on the law of inconsistent verdicts. (See, e.g., *Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1344 ["Inconsistent verdicts are ' "against the law," ' and the proper remedy is a new trial"].)

"forfeited [a] challenge [to an attorney fees order] by failing to raise the issue in his appellate briefs"].) And plaintiffs present no theory or evidence of direct liability not based on the acts of the individual defendants. Plaintiffs cite only the general rule that a principal may ratify agent conduct. (See Civ. Code, § 2339.) But plaintiffs do not contend there was an agent other than the individual defendants that could have committed negligent misrepresentation. Plaintiffs' ratification argument for direct liability must consequently fail because it is reliant on a theory of vicarious liability.

We therefore conclude plaintiffs have not established substantial evidence supported the jury's verdict against the Company and consequently affirm the trial court granting the Company's judgment notwithstanding the verdict, even though it is for a different reason. (*Olson v. Hornbrook Community Services Dist.* (2021) 68 Cal.App.5th 260, 268 [" ' "[W]e review the trial court's order, not its reasoning, and affirm an order if it is correct on any theory apparent from the record" ' "].)[6]

---

[6] Plaintiffs also challenge the trial court granting specific performance on the Company's cross-complaint. However, these challenges assume the validity of the jury verdict finding the Company liable for negligent misrepresentation. Because we find plaintiffs have not established substantial evidence supports this verdict, we necessarily reject these arguments as well.

## DISPOSITION

The order granting the Company's motion for judgment notwithstanding the verdict is affirmed. The Company shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
ROBIE, Acting P. J.

We concur:

/s/
FEINBERG, J.

/s/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9